IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02475-WDM-MEH

ALLEN M. (MAC) WILLIAMS,

Plaintiff,
v.

ALPINE BANKS OF COLORADO,
THE DAILY SENTINEL, a Cox Newspapers, Inc. Publication,
GEORGE ORBANEK, and
JOHN P. GORMLEY

Defendants.

## RECOMMENDATION

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion for Default Judgment Against Defendant Alpine Banks of Colorado (Docket #31). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matters has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that Plaintiff's Motion for Default Judgement be **denied**.

## I.   Factual and Procedural Background

Plaintiff filed suit against Defendants after Defendant Alpine Banks seized the assets in his bank accounts pursuant to a Writ of Garnishment issued by a state court. Plaintiff asserts numerous claims against all Defendants and seeks the return of his funds, as well as other damages. Plaintiff filed an Amended Complaint on December 27, 2005, of which Defendant Alpine Banks received a copy on December 22, 2005. Before answering Plaintiff's Amended Complaint, Defendant Alpine Banks filed a Motion for Summary Judgment. Defendant filed an answer to the Amended Complaint on January 17, 2006. Plaintiff responded by filing three motions: (1) a Motion to Strike Defendant's

Motion for Summary Judgment; (2) a Motion for Default Judgment; and (3) a Motion to Strike Defendant's Answer to Plaintiff's Amended Complaint. Only the Motion for Default Judgment is addressed in this Recommendation.

## II. Legal Standard for Default Judgment

A party seeking default judgment must first request an entry of default judgment from the Clerk of the Court. Fed. R. Civ. P. 55(a). This entry of default is a prerequisite to seeking a default judgment under Fed. R. Civ. P. 55(b). *Canady v. Erbe Elektromedizin GmbH*, 307 F. Supp.2d 2, 9 (D.D.C. 2004). Even after the proper procedure is followed, default judgment should be entered only "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." Fed. R. Civ. P. 55(a). Default judgment is a harsh sanction intended to punish parties who exhibit a "callous disregard of their responsibilities" and should be entered only on a showing that a party willfully failed to comply with the Court's orders. *See Nat'l Hockey League v. Metro. Hockey Club*, 427 U.S. 639, 640-43 (1976). Such callousness is required because the Federal Rules of Civil Procedure "generally embody an effort to ensure that courts decide cases based on the strength of the adversaries' arguments rather than on the skillful use of technicalities." *Canady*, 307 F. Supp.2d at 9.

## III. Discussion

Plaintiff argues that Defendant failed to file an Answer to his Complaint within the required time limit and that Defendant's Motion for Summary Judgment was improperly filed before Defendant filed an Answer to Plaintiff's Complaint. In response, Defendant Alpine Banks asserts that it attempted in good faith to seek a stipulation from Plaintiff that an answer would not be due until ten days after the Court ruled on the Motion for Summary Judgment. Plaintiff refused. Defendant

further argues that its Motion for Summary Judgment constitutes a response under Rule 55(a) that appropriately informs Plaintiff of its defenses. In addition, Plaintiff filed this motion one week after Defendant filed an Answer and nearly three weeks after Defendant filed its Motion for Summary Judgment.

The Court does not believe that the harsh sanction of default judgment is justified in this case. First, the Court notes that Plaintiff did not follow the correct procedure for default judgment under Rule 55(a)(1) by first requesting an entry of default judgment from the Clerk. *Evertson v. Topeka Ass'n for Retarded Citizens*, No. 05-4046, 2005 U.S. Dist. LEXIS 15345 (D. Kan. Oct. 11, 2005). Second, at worst, Defendant Alpine Banks' actions constituted only a technical default. Although Defendant Alpine Banks' Answer to the Amended Complaint was untimely, it did not cause delay in this litigation and was preceded by Defendant's Motion for Summary Judgment. Defendant did "otherwise defend" against Plaintiff's allegations through its filing of a Motion for Summary Judgment which, according to Fed. R. Civ. P. 56(b), can be filed at anytime.

In *Sony Corp. v. Elm State Electronics, Inc.*, 800 F.2d 317 (2nd Cir. 1986), the court confronted the issue presented by Plaintiff here. The court stated, "Notwithstanding the nominal requirement that the non-answering defendant demonstrate excusable neglect . . ., district courts regularly exercise their discretion to deny technically valid motions for default." *Id.* at 319 (citing numerous cases in which courts denied motions for default when an answer was filed late). The Court believes this is a correct application of the law.

The Court believes that Defendant has not shown a "callous disregard" to its responsibilities in this case, nor has Plaintiff been prejudiced by the belated Answer, and, therefore, recommends that Plaintiff's Motion for Default Judgment be **denied**.

**IV.    Conclusion**

Accordingly, for the reasons stated above, the Court RECOMMENDS that Plaintiff's Motion for Default Judgment Against Defendant Alpine Banks [Filed January 24, 2006; Docket #31] be **denied**. Defendant has defended against Plaintiff's claims and is not in default. Under Fed. R. Civ. P. 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

Dated at Denver, Colorado this 7th day of April, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).