IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02475-WDM-MEH

ALLEN M. (MAC) WILLIAMS,

Plaintiff,
v.

ALPINE BANKS OF COLORADO,
THE DAILY SENTINEL, a Cox Newspapers, Inc. Publication,
GEORGE ORBANEK, and
JOHN P. GORMLEY

Defendants.

## ORDER ON PENDING NONDISPOSITIVE MOTIONS

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court are Plaintiff's Motion to Strike Defendant Alpine Banks of Colorado's Motion for Summary Judgment (Docket #34), and Plaintiff's Motion to Strike References in Defendants The Daily Sentinel's, George Orbanek's, and John Gormley's (hereinafter "the Newspaper Defendants") Reply to Response to Motion to Dismiss (Docket #50). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, these matters have been referred to this Court for resolution. For the reasons set forth below, Plaintiff's Motions are **denied**.

**I.    Procedural Background**

Plaintiff initially sued the Newspaper Defendants for libel in state court. After these Defendants received a state court judgment in their favor, the state court also awarded $15,000 in attorney's fees. While Plaintiff was appealing the judgment, the Newspaper Defendants obtained a Writ of Garnishment for their award of attorney's fees. They served the Writ of Garnishment on Plaintiff's bank, Defendant Alpine Banks. Pursuant to the Writ of Garnishment, Defendant Alpine

Banks froze $5,821.99, all of Plaintiff's accounts.

The procedural history of this case is quite complex as Plaintiff has filed a motion to strike on nearly all of Defendants' motions, rather than simply responding to their motions. To begin, Defendant Alpine Banks filed its Motion for Summary Judgment before answering Plaintiff's Amended Complaint. Defendant Alpine Banks did file an Answer to the Amended Complaint shortly thereafter. Plaintiff responded by filing three motions: (1) a Motion to Strike Defendant's Motion for Summary Judgment; (2) a Motion for Default Judgment; and (3) a Motion to Strike Defendant's Answer to Plaintiff's Amended Complaint. The Newspaper Defendants also filed a dispositive motion (Motion to Dismiss), to which Plaintiff responded in customary fashion by filing a Motion to Strike References in Newspaper Defendants' Reply to Response to Motion to Dismiss.

## II.     Motion to Strike Motion for Summary Judgment (#34)

Plaintiff contends that Defendant's counsel purposefully failed to timely serve him with a copy of the Motion for Summary Judgment and misled him in phone conversations on this subject. Plaintiff further argues that a Motion for Summary Judgment was improper at this stage in the litigation because Defendant had not yet responded to Plaintiff's Amended Complaint. Defendant points out that a motion for summary judgment may be filed at any time under Rule 56(b).

Rule 12(f) provides that the Court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). It is well settled that a motion to strike under Rule 12(f) is properly directed at pleadings, as described in Rule 7(a), not motions. *E.g.*, *Jones v. Topeka*, 764 F. Supp. 1423, 1425 (D. Kan. 1991) (denying motion to strike motion for partial summary judgment as improper). Moreover, the Federal Rules allow a defendant to "at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof." Fed. R. Civ. P. 56(b); *Jefferson v.*

*Asplund*, 467 F.2d 199, 199 (9th Cir. 1972) (holding that defendant did not waive its motion for summary judgment by filing it before answering the complaint). Thus, Plaintiff's Motion to Strike Defendant Alpine Banks' Motion for Summary Judgment is **denied**.

### III.   Motion to Strike References from Newspaper Defendant's Reply to Response to Motion to Dismiss (#50)

Plaintiff argues that various "impertinent, scandalous ad hominem remarks and groundless references" should be stricken from the Newspaper Defendant's Reply. Once again, Plaintiff does not invoke proper grounds for a motion to strike. As noted above, a motion to strike under Rule 12(f) is properly directed at pleadings, as described in Rule 7(a). Rule 7(a) defines a pleading as "a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third party complaint, if a person who was not an original party is summoned under the provision of Rule 14; and a third-party answer, if a third-party complaint is served." Fed. R. Civ. P. 7(a). Only these documents constitute pleadings under the Federal Rules. Motions, briefs in support of motions, responses to motions, replies to responses to motions, and other papers are not pleadings under the Federal Rules and cannot be stricken by the Court under Rule 12(f). *Milk Drivers, Dairy & Ice Cream Employees v. Roberts Dairy*, 219 F.R.D. 151, 152 (S.D. Iowa 2006). Plaintiff's Motion to Strike References in Newspaper Defendants' Reply to Response to Motion to Dismiss is therefore **denied**.

### V.   Conclusion

Accordingly, for the reasons stated above, Plaintiff's Motion to Strike Defendant Alpine Banks of Colorado's Motion for Summary Judgment [Filed January 24, 2006; Docket #34], and Plaintiff's Motion to Strike References in the Newspaper Defendants Reply to Response to Motion to Dismiss [Filed February 22, 2006; Docket #50] are **denied**.

Dated at Denver, Colorado this 7th day of April, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge