IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02475-WDM-MEH

ALLEN M. (MAC) WILLIAMS,

Plaintiff,
v.

ALPINE BANKS OF COLORADO,
THE DAILY SENTINEL, a Cox Newspapers, Inc. Publication,
GEORGE ORBANEK, and
JOHN P. GORMLEY

Defendants.

---

### RECOMMENDATION ON MOTION FOR TEMPORARY RESTRAINING ORDER

---

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court is Plaintiff's Motion for a Temporary Restraining Order Pursuant to FRCP Rule 65(b) or in the alternative for a Preliminary Injunction Pursuant to FRCP Rule 65(a) [Docket #87]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, these matters have been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that Plaintiff's Motion be **denied**.

**I.   Facts**

Plaintiff seeks protection from a bench warrant issued for his arrest in state court proceedings due to his failure to appear for a hearing in state court. Bond has been set at $10,000, the amount that Defendants allege is owed to them by Plaintiff based on an award of attorney's fees that Defendants received against Plaintiff in state court. Plaintiff argues that this warrant could prevent him from being able to attend a settlement conference scheduled in this case for May 9, 2006.

1

Plaintiff further argues that the warrant is invalid because he was not properly served with notice to appear, and the underlying state court proceedings, including the award of attorney's fees, are beyond the jurisdiction of the state court.  Plaintiff admits that he has filed pleadings both in the Colorado Court of Appeals and in the state district court contesting the award of attorney's fees.  In response, Defendants argue that this injunction is prohibited by both the Younger Abstention Doctrine and the Anti-Injunction Act.  Moreover, they argue an injunction is inappropriate because Plaintiff cannot demonstrate a likelihood to succeed on the merits.  Defendants also contend that Plaintiff has failed to post the required bond for seeking an injunction under Fed. R. Civ. P. 65(c).

**II.     Discussion**

This Court's ability to intervene in state court proceedings and enjoin the state from issuing or enforcing an arrest warrant is first controlled by 22 U.S.C. § 2283, which allows a federal court to intervene only under the following three circumstances: (1) "as expressly authorized by Acts of Congress"; (2) "where necessary in aid of its jurisdiction"; and (3) "to protect or effectuate its judgments."  22 U.S.C. § 2283.  "The normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions."  *Younger v. Harris*, 401 U.S. 37, 45 (1971).  "This refusal to exercise federal jurisdiction arises from a desire to 'avoid undue interference with states' conduct of their own affairs."  *Southwest Air Ambulance, Inc. v. City of Las Cruces*, 268 F.3d 1162, 1178 (10th Cir. 2001).  "Any doubts as to the propriety of a federal injunction against state court proceedings should be resolved in favor of permitting the state courts to proceed in an orderly fashion to finally determine the controversy."  *Atlantic C. L. R. Co. v. Brotherhood of Locomotive Engineers*, 398 U.S. 281, 295 (1970).  Thus, the warrant issued by the state court against Plaintiff must first fit into one of the three statutory exceptions for the Court to

issue an injunction. If an exception applies, Plaintiff must also establish the requirements of the Younger Abstention Doctrine. *Trainor v. Hernandez*, 431 U.S. 434 (1977).

First, Plaintiff does not allege that any Act of Congress expressly allows the Court to enjoin a warrant issued for failure to appear in a state court proceeding. Notably, 42 U.S.C. § 1983 is an Act of Congress that allows the Court to enjoin state proceedings if Plaintiff's affected rights are protected by Section 1983 and if Younger Abstention does not apply. *See Mitchum v. Foster*, 407 U.S. 225 (1972). While Plaintiff's right to due process is protected by Section 1983, no due process rights are implicated by the arrest warrant issued for Plaintiff's failure to appear in state court. As Plaintiff admits, he will receive a hearing if arrested, which will satisfy the requirements of due process. *See Mathews v. Eldridge*, 424 U.S. 319, 335 (1976) ("The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'") (citation omitted). Hence, no Act of Congress provides Plaintiff with the relief requested in this motion.

Second, the Court could issue an injunction if necessary to aid its jurisdiction. However, an injunction is appropriate only "to prevent a state court from so interfering with a federal court's consideration or disposition of a case as to seriously impair the federal court's flexibility and authority to decide that case." *Atlantic C. L. R. Co.*, 398 U.S. at 297. Here, the conference which Plaintiff would be unable to attend is a settlement conference. While participation in a settlement conference is mandated by the Local Rules before a trial will be held, the timing of the settlement conference is within the discretion of the Court and is based on the representations of the parties as to when a settlement conference will be most productive. Thus, the Court can reschedule the settlement conference in the event Plaintiff is unable to attend. Because of this, the Court does not believe an injunction is necessary in this case to aid in the Court's jurisdiction. If Plaintiff would be unable to

attend a trial on the merits of his claims due to actions in state court, an injunction may be appropriate. However, given the voluntary nature of settlement and the Court's discretion to reschedule the settlement conference, the Court believes that interference in state court proceedings is not required.

Finally, no judgment has yet issued in this case that requires the Court's protection.

Limited by these exceptions to enjoining an action in state court, the Court concludes that an injunction that would interfere with a state court's arrest warrant for failure to appear is inappropriate in this case.

## III.   Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that Plaintiff's Motion for a Temporary Restraining Order Pursuant to FRCP Rule 65(b) or in the alternative for a Preliminary Injunction Pursuant to FRCP Rule 65(a) [Filed May 3, 2006; Docket #87] be **denied**. Plaintiff has failed to meet the high burden required for a federal court to intervene in state court proceedings. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

Dated at Denver, Colorado this 9th day of May, 2006.

                                        BY THE COURT:

                                         s/ Michael E. Hegarty
                                        Michael E. Hegarty
                                        United States Magistrate Judge